# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRY GREEN<br>1404 E. 8th St., Apt. 1<br>Erie, PA 16503 | CIVIL ACTION |
| Plaintiff, | DOCKET NO.: 1:23-cv-304 |
| v. | |
| WALKER FILTRATION, INC.<br>4748 Pacific Ave.<br>Erie, PA 16506<br>  and<br>ATLAS COPCO USA HOLDINGS, INC.<br>6 Century Dr., Ste. 310<br>Parsippany NJ, 07054 | **JURY TRIAL DEMANDED** |
| Defendants. | |

## CIVIL ACTION COMPLAINT

Terry Green (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. This action has been initiated by Plaintiff against Walker Filtration, Inc. and Atlas Copco USA Holdings, Inc. (*hereinafter* collectively referred to as "Defendants") for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101, *et. seq.*), the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601, *et. seq.*), and the Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff asserts, *inter alia*, that he experienced unlawful

---

[1] Plaintiff's claim under the PHRA is referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue letter under the ADA. Plaintiff's PHRA claims however will mirror identically his federal claims under the ADA.

workplace discrimination and retaliation, culminating in his termination from Defendants. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for violations under the ADA and the FMLA.

3. There lies supplemental and/or ancillary jurisdiction over Plaintiff's state-law claims, as they arise out of the same common nucleus of operative fact(s) as Plaintiff's federal claims asserted herein.

4. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

5. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

6. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing his Charge with the EEOC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

7. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8. Plaintiff is an adult individual, with an address as set forth in the caption.

9. Walker Filtration, Inc. (*hereinafter* "Defendant Walker") is a corporation located at the above-captioned address that designs and manufactures purification solutions for compressed air, gas and vacuum.

10. Atlas Copco USA Holdings, Inc. (*hereinafter* "Defendant Atlas") is a corporation that manufactures and develops air compressors, blowers, nitrogen generators, and other air quality products.

11. Upon information and belief, Defendant Walker was acquired by Defendant Atlas in or about 2018 and Defendant Atlas acts as a parent company to Defendant Walker.

12. Because of their interrelation of operations, common ownership or management, centralized control of labor relations, common financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

13. At all times relevant herein, Defendants acted by and through their agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

14. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

3

15. Plaintiff was hired by Defendants in or about November of 2017.

16. During Plaintiff's employment with Defendants, he worked as a Housing Tech/Specialist.

17. At the time of his termination from Defendants (discussed further *supra*), Plaintiff was supervised by Operations Manager – James (last name unknown – hereinafter "James").

18. Throughout his employment with Defendants, Plaintiff was a dedicated and hard-working employee.

19. On or about July 8, 2022, Plaintiff began to suffer from a disability related to his foot/ankle, which resulted from an injury that he sustained outside of work.

20. Plaintiff's aforesaid disability (at times) limited his performance of some daily life activities, including but not limited to walking, standing, and performing manual tasks (as well as other daily life activities).

21. As a result of his aforesaid disability and limitations, Plaintiff requested a medical leave of absence (FMLA-qualifying leave and a reasonable accommodation under the ADA).

22. In response to his request for a medical leave, Plaintiff was informed by Simon Taylor (General Manager – hereinafter "Taylor") and Rachel in Defendants' Human Resources ("HR") department (last name unknown – hereinafter "Rachel") that he should take his time to heal and that he would be able to come back to work when released by his doctor.

23. Plaintiff kept Defendants' management apprised of his disability and intent to return to work while on medical leave.

24. On September 20, 2022, Plaintiff informed Defendants' management and Rachel in Defendants' HR department that he would be able to return to work on October 24, 2022.

25. After informing Defendants' HR department he could return to work on October 24, 2022, Plaintiff was told by Rachel that Defendants did not want to wait that long, that they no longer wanted to pay his medical insurance while on medical leave, and that they were terminating his employment.

26. Plaintiff's medical leave would have been 15 weeks in total, but only another four and a half weeks in addition to what Respondents had already accommodated him with as of September 20, 2022.

27. An accommodation of an additional four and a half weeks of medical leave was more than reasonable and could have easily been accommodated.

28. However, Defendants refused to engage in the interactive process and instead just terminated Plaintiff's employment.

29. Plaintiff was released by his doctor to return to work on October 24, 2022 without any restrictions (but continued to attend therapy for his disability).

30. Plaintiff believes and therefore avers that he was terminated [1] because of his actual/perceived/record of disability; [2] in retaliation for requesting reasonable accommodations; and/or [3] because of Defendants' failure to engage in the interactive process and accommodate his disabilities.

**First Cause of Action**
**Violations of the Americans with Disabilities Act, as Amended ("ADAAA")**
([1] Disability Discrimination; and [2] Retaliation)

31. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32. Plaintiff believes and therefore avers that his (1) known disabilities; [2] perceived disabilities; and/or [3] record of impairment were motivating or determinative factor[s] in Defendants' decision to terminate his employment.

33. Plaintiff also believes and therefore avers that Defendants terminated his employment in retaliation for requesting/utilizing reasonable accommodations under the ADA.

34. Lastly, Plaintiff believes and avers that he was terminated because of Defendants' refusal to engage in the interactive process and accommodate his disability under the ADAAA.

35. Defendants' unlawful discrimination and retaliation constitutes violations of the ADAAA.

## Second Cause of Action
### Violations of the Family and Medical Leave Act ("FMLA")
**(Retaliation)**

36. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

38. Plaintiff requested leave from Defendants, his employer[s], with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

39. Plaintiff had at least 1,250 hours of service with the Defendants during his last full year of employment (pre-FMLA leave request).

40. Defendants are engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

41. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of FMLA.

42. Defendants committed retaliation violations of the FMLA by *inter alia*: (1) considering Plaintiff's FMLA needs in making the decision to terminate him; and (2) terminating Plaintiff's employment in retaliation for requesting and/or utilizing FMLA leave.

43. These actions as aforesaid constitute retaliation violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/discrimination at the hands of Defendants until the date of verdict;

C. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square
Building 2, Ste. 128
Bensalem, PA 19020
(215) 639-0801

Dated: October 31, 2023